# Labaton Sucharow

Ira A. Schochet
Partner
212 907 0864 direct
212 883 7064 fax
ischochet@labaton.com

January 29, 2016

**VIA ECF AND FAX**

The Honorable George B. Daniels
United States District Judge
United States District Court for the
　Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 11A
New York, NY 10007-1312

Re:　*Weston v. RCS Capital Corporation, et al.*, Case No. 1:14-cv-10136-GBD—Letter Regarding Oral Argument on Motions to Dismiss the Corrected Amended Complaint & RCS Capital Corporation's Anticipated Bankruptcy Filing

Dear Judge Daniels:

We write on behalf of Lead Plaintiffs the City of Providence, Rhode Island and Oklahoma Police Pension Fund and Retirement System ("Plaintiffs") in response to the letter filed by defendant RCS Capital Corporation ("RCAP")[1] on January 28, 2016 (ECF No. 91) (the "January 28 Letter").

For the reasons stated in the Plaintiffs' letter of January 27 (ECF No. 90) ("Plaintiffs' January 27 Letter"), Defendants are simply wrong that the mere fact that the automatic bankruptcy stay would apply to RCAP if and when it files for bankruptcy protection "would make proceeding with oral argument on February 2 difficult if not impossible" and justifies what amounts to a lengthy and unwarranted stay of the entire Action.  January 28 Letter, at 2.

The only point of agreement between the Parties is that *if*, after RCAP files a petition for bankruptcy protection, RCAP moves to extend the bankruptcy stay to non-debtor Defendants, "an adjournment would be warranted while that motion is *sub judice* in the interests of judicial economy and proceeding in an orderly fashion."  Plaintiffs' January 27 Letter, at 2.  However, notwithstanding its earlier statements that it anticipated doing so by the end of this month, RCAP has still not even filed any bankruptcy petition, meaning that the action presently is not even stayed as against it.  Further, RCAP continues to be coy as to whether it will make a motion to extend the stay to other Defendants in this action.

It has been nearly a month since RCAP publicly announced that it intended to file for bankruptcy protection in late January 2016.  RCAP likely had concluded that it would file for bankruptcy protection much earlier.  RCAP does not need two more months to decide "whether, when or under

---

[1] The Defendants are RCS Capital Corporation; RCAP Holdings, LLC; RCAP Equity, LLC; Nicholas S. Schorsch; Brian S. Block; Edward Michael Weil; William M. Kahane; Brian D. Jones; Peter M. Budko; Mark Auerbach; Jeffrey Brown; C. Thomas McMillen; and Howell Wood. The Plaintiffs and Defendants are collectively referred to as the "Parties."

# Labaton Sucharow

The Honorable George B. Daniels
January 29, 2016
Page 2

what circumstances it might seek further relief in Bankruptcy Court beyond the automatic stay" (January 28 Letter, at 1). What Defendants are seeking is a wholly unnecessary lengthy delay of this Action that was first filed on December 29, 2014, without first establishing whether *any* delay is required.

Given the present record, Plaintiffs respectfully request that the Court convert the oral argument on Defendants' motions to dismiss currently scheduled for February 2 into a status conference at which Defendants can update the Court regarding the status and timing of RCAP's to-be filed bankruptcy petition, including whether it will move to extend the bankruptcy stay to any non-debtor defendants. Plaintiffs respectfully submit that the Court will not be in a position to set a schedule for completion of proceedings on the pending motions to dismiss unless and until it is armed with this information.

We are available to discuss the issue with the Court at its convenience and appreciate Your Honor's attention to this matter. We are also prepared to further brief any issue that the Court identifies.

Respectfully submitted,

/s/ Ira A. Schochet

Ira A. Schochet

cc: All Counsel of Record (via ECF)