**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRADY SCOTT WESTON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RCS CAPITAL CORPORATION, RCAP HOLDINGS, LLC, RCAP EQUITY, LLC, NICHOLAS S. SCHORSCH, BRIAN S. BLOCK, EDWARD MICHAEL WEIL, WILLIAM M. KAHANE, BRIAN D. JONES, PETER M. BUDKO, MARK AUERBACH, JEFFREY BROWN, C. THOMAS MCMILLEN, and HOWELL WOOD,<br><br>Defendants. | Civ. No. 1:14-CV-10136-GBD |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 20 2017

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of June 2, 2017, Oklahoma Police Pension Fund and Retirement System and City of Providence, Rhode Island (collectively, "Lead Plaintiffs"), on behalf of themselves and all members of the proposed Settlement Class, and RCS Capital Corporation ("RCAP" or the "Company") and RCAP Holdings, LLC ("RCAP Holdings"), RCAP Equity, LLC ("RCAP Equity"), Nicholas S. Schorsch, Brian S. Block, Edward M. Weil, Jr., William M. Kahane, Brian D. Jones, Peter M. Budko, Mark Auerbach, Jeffrey Brown, C. Thomas McMillen and Howell Wood (collectively, "Defendants") entered into the Stipulation and Agreement of Settlement (the "Stipulation") in the Action;

WHEREAS, the Court has reviewed and considered: (a) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Court has read and considered the Settlement to determine, among other things, whether the Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of notice of the proposed Settlement to the members of the Class;

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this __20TH__ day of __JUNE__, 2017 that:

1. **Preliminary Approval of the Settlement.** The Court has reviewed the Stipulation and preliminarily finds the Settlement to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2. **Preliminary Certification of the Settlement Class.** Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Settlement Class of: all investors who purchased or otherwise acquired the common stock of RCAP from February 12, 2014 to December 18, 2014, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: Defendants; the officers and directors of RCAP, RCAP Holdings and RCAP Equity; members of the Immediate Families of any excluded person and their legal representatives, heirs, successors, affiliates, or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Settlement Class Members who properly exclude themselves by

submitting a valid and timely request for exclusion in accordance with the requirements set forth below and in the Notice.

3. The Court finds and concludes that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs Oklahoma Police Pension Fund and Retirement System and City of Providence, Rhode Island are certified as Class Representatives for the Settlement Class. The law firms of Labaton Sucharow LLP and Scott+Scott, Attorneys at Law, LLP are appointed Class Counsel for the Settlement Class.

5.     **Preliminary Findings Concerning Proposed Settlement.** The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the fairness hearing described below.

6.     **Settlement Hearing.** A hearing (the "Settlement Hearing") in accordance with Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on September 28, 2017, at 10:00 a.m. for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as provided in the Stipulation, should be provided to the Released Defendant Parties; (c) to determine whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (d) to determine whether the Settlement Class should be finally certified for the purposes of Settlement only; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firms of

Labaton Sucharow LLP and Scott+Scott, Attorneys at Law, LLP should be finally appointed Class Counsel for the Settlement Class; (e) to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for Lead Plaintiffs of their reasonable costs and expenses (including lost wages) directly related to their representations of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and (f) to rule upon any other matters that the Court may deem appropriate.

7.  The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates in this Order without further notice to members of the Settlement Class.

8.  **Notice.** The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) – (e)), the United

5

States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, the Rules of this Court, and any other applicable law.

9. The Court approves the retention of A.B. Data Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed, by first-class mail, postage prepaid, no later than ten (10) business days after entry of this Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. Defendant RCAP, to the extent it has not already done so, and no later than five (5) business days following entry of this Order, shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, the Company's transfer records in electronic searchable form, such as Excel, containing the names and addresses of persons and entities that purchased or otherwise acquired the common stock of RCAP during the Class Period.

10. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities that purchased or otherwise acquired the common stock of RCAP during the Class Period as record owners but not as beneficial owners. These nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all beneficial owners for which they purchased or otherwise acquired the common stock of RCAP during the Class Period and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all those beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all those beneficial owners to the Claims Administrator, and the

Claims Administrator shall send the Notice promptly to the identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, the nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

11. Pursuant to the Stipulation, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually and reasonably incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing, and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with providing notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation (including the Supplemental Agreement), all Notice and Administration Costs actually paid or incurred, including any related fees, will not be returned or repaid to Defendants or to any other person or entity who or which paid any portion of the Settlement Amount.

12. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

13. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

14. The form and content of the notice program described in this Order, and the methods provided in this Order of notifying the Settlement Class of the proposed Settlement of the Action and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and Due Process; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled to notice.

15. **Submission of Claim Forms.** In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the Stipulation, each Claimant must take the following actions and be subject to the following conditions:

(a) The Claimant must submit a properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, to the Claims Administrator, at the address indicated in the Notice, postmarked or received no later than one hundred twenty (120) calendar days after the Notice Date. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) as long as

the Claim Form is actually received before the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claim Forms provided such acceptance does not delay the distribution of the Net Settlement Fund to Authorized Claimants.

(b) The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed by the Stipulation: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the preceding subparagraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other documentation that is deemed adequate by the Claims Administrator or Lead Counsel; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included in the Claim Form; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained in it and must be signed under penalty of perjury.

(c) As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

16. **Appearance.** Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

17. **Exclusion from the Settlement Class.** Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, regardless of whether such Class Member submits a Proof of Claim form, unless they request exclusion from the Settlement Class in a timely and proper manner, as provided below. A putative Settlement Class Member wishing to request exclusion from the Settlement Class must mail the request in written form by first-class mail to the address designated in the Notice for exclusion requests, such that it is received no later than thirty (30) calendar days before the Settlement Hearing. The request for exclusion must state the name, address, and telephone number of the Person seeking exclusion and, in the case of entities, the name and address of the appropriate contact person for the entity; must state that the Person requests to be "excluded from the Class in *Weston v. RCS Capital Corporation,* No. 1:14-CV-10136-GBD (S.D.N.Y.)" and must be signed by the Person seeking exclusion. Persons requesting exclusion must also state the following information requested in the Notice: the number of shares of RCAP common stock purchased, acquired, and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

18. Putative Settlement Class Members whose requests for exclusion from the Settlement Class are allowed by the Court shall not be eligible to receive any payment from the Net Settlement Fund.

19. **Objections.** Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses. Any objections must state (a) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in *Weston v. RCS Capital Corporation,* No. 1:14-CV-10136-GBD (S.D.N.Y.); (c) the objection(s) and the specific reasons for each objection, including any legal and evidentiary support, including witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Class, such as the number of shares of RCAP common stock, purchased, acquired or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale. The Court will consider a Settlement Class Member's objection only if the Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received no later than thirty (30) calendar days before the Settlement Hearing, upon Lead Counsel and Defendants' Counsel, and has filed the objection and supporting papers with the Clerk of the Court, no later than thirty (30) calendar days before the Settlement Hearing. The address for filing objections with the Court and service on counsel are as follows:

**Court**

Clerk of the Court
United States District Court for the

11

Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Lead Counsel**

| | |
|---|---|
| Ira A. Schochet | Deborah Clark-Weintraub |
| Labaton Sucharow LLP | Scott + Scott, Attorneys at Law, LLP |
| 140 Broadway | The Helmsely Building |
| New York, NY 10005 | 230 Park Avenue, 17th Floor |
| | New York, NY 10169 |

**Defendants' Counsel Representative**

Audra J. Soloway
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in this Order and in the Notice shall be deemed to have waived the objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Settlement Class Members submitting written objections are not required to attend the Settlement Hearing, but any Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the

Settlement Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20. **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served no later than forty-five (45) calendar days before the date set in this Order for the Settlement Hearing. If reply papers are necessary, they must be filed with the Court and served no later than seven (7) calendar days before the Settlement Hearing.

21. **Settlement Fund.** All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until the funds are disbursed pursuant to the Stipulation and/or further order of the Court.

22. **Termination.** If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, then the Stipulation, including any amendment(s) to it, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to March 20, 2017, and the Settlement Fund shall be returned in accordance with ¶ 40 of the Stipulation.

23. **Use of Order.** Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs, or

13

the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind or in any way referred to for any other reason as against any of the Plaintiffs' Releasees in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against Plaintiffs' Releasees that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount. The Parties further understand and agree that Defendants deny all of Plaintiffs' claims and material allegations asserted in this proceeding; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

24. **Stay.** Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be

approved, Lead Plaintiffs and all Settlement Class Members shall not institute, commence, or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

25.  **Jurisdiction.** The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: **JUNE 20**, 2017

*George B. Daniels*
Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE

# Exhibit 1