

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRADY SCOTT WESTON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RCS CAPITAL CORPORATION, RCAP HOLDINGS, LLC, RCAP EQUITY, LLC, NICHOLAS S. SCHORSCH, BRIAN S. BLOCK, EDWARD MICHAEL WEIL, WILLIAM M. KAHANE, BRIAN D. JONES, PETER M. BUDKO, MARK AUERBACH, JEFFREY BROWN, C. THOMAS MCMILLEN, and HOWELL WOOD,<br><br>Defendants. | Civ. No. 1:14-CV-10136-GBD |

**[[redacted]] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

THIS MATTER came before the Court on September 28, 2017, for a hearing to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Action") attorneys' fees and litigation expenses and Lead Plaintiffs Oklahoma Police Pension Fund and Retirement System ("Oklahoma Police") and City of Providence, Rhode Island ("Providence") expenses relating to their representation of the Settlement Class. All capitalized terms used herein have the meanings as set forth and defined in the Stipulation and Agreement of Settlement, dated as of June 2, 2017 (the "Stipulation"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Settlement Class Members; and that

a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members and the Claims Administrator.

2. Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel is hereby awarded attorneys' fees in the amount of $9,300,000, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $174,333.68, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

4. In accordance with 15 U.S.C. §78u-4(a)(4), for their representation of the Settlement Class, the Court hereby awards Oklahoma Police reimbursement of its reasonable lost wages and expenses directly related to its representation of the Settlement Class in the amount of $5,000, and hereby awards Providence reimbursement of its reasonable lost wages and expenses

directly related to its representation of the Settlement Class in the amount of $5,000.

5. The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making the award to Lead Counsel of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a common fund of $31 million in cash and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by the Lead Plaintiffs, who are sophisticated institutional investors that have been directly involved in the prosecution and resolution of the Action and which have a substantial interest in ensuring that any fees paid to Lead Counsel are duly earned and not excessive;

(c) Notice was disseminated to putative Settlement Class Members stating that Lead Counsel, on behalf of all Plaintiffs' Counsel, would be moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus accrued interest, and payment of litigation expenses not to exceed $425,000, plus accrued interest, and the expenses of Lead Plaintiffs for reimbursement of their reasonable lost wages and costs directly related to their representation of the Settlement Class;

(d) There were no objections to the Settlement, Plan of Allocation or the Fee and Expense Application;

(e) Plaintiffs' Counsel have expended substantial time and effort pursuing the

Action on behalf of the Settlement Class;

(f) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) Plaintiffs' Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

(h) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(i) Public policy concerns favor the award of reasonable attorneys' fees in securities class action litigation;

(j) The amount of attorneys' fees awarded are fair and reasonable and consistent with awards in similar cases; and

(k) Plaintiffs' Counsel have devoted more than 5,700 hours, with a lodestar value of $4,149,852.50 to achieve the Settlement.

7. Any appeal or any challenge affecting this Court's approval of any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in

accordance with the Stipulation.

IT IS SO ORDERED.

Dated: SEP 28 2017, 2017

George B. Daniels

Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE