USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 28 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRADY SCOTT WESTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> V. <br><br> RCS CAPITAL CORPORATION, RCAP HOLDINGS, LLC, RCAP EQUITY, LLC, NICHOLAS S. SCHORSCH, BRIAN S. BLOCK, EDWARD MICHAEL WEIL, WILLIAM M. KAHANE, BRIAN D. JONES, PETER M. BUDKO, MARK AUERBACH, JEFFREY BROWN, C. THOMAS MCMILLEN, AND HOWELL WOOD, <br><br> DEFENDANTS. | CIV. NO. 1:14-CV-10136-GBD |

**[████████] FINAL ORDER AND JUDGMENT**

WHEREAS:

A. As of June 2, 2017, Oklahoma Police Pension Fund and Retirement System and City of Providence, Rhode Island (collectively, "Lead Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and RCS Capital Corporation ("RCAP" or the "Company"), RCAP Holdings, LLC ("RCAP Holdings"), RCAP Equity, LLC ("RCAP Equity"), Nicholas S. Schorsch, Brian S. Block, Edward Michael Weil, William M. Kahane, Brian D. Jones, Peter M. Budko, Mark Auerbach, Jeffrey Brown, C. Thomas McMillen and Howell Wood (collectively, "Defendants") entered into the Stipulation and Agreement of Settlement (the "Stipulation") in the Action;

B.  Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered June 20, 2017 (the "Preliminary Approval Order"), the Court scheduled a hearing for September 28, 2017 (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered;

C.  The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.  The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by August 29, 2017;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On August 14, 2017, Lead Plaintiffs moved for final approval of the Settlement, as provided in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on September 28, 2017, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, and memoranda of law submitted in support of the motion, the Stipulation, and all of the other submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. **Incorporation of Settlement Documents.** This Judgment incorporates by reference: (i) the Stipulation filed with the Court on June 2, 2017; and (ii) the Notice, which was filed with the Court on June 2, 2017. Capitalized terms not defined in this Judgment have the meanings set forth in the Stipulation.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action and all Settlement Class Members.

3. **Class Certification for Settlement Purposes.** The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all investors who purchased or otherwise acquired the common stock of

RCAP from February 12, 2014 to December 18, 2014, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: Defendants; the officers and directors of RCAP, RCAP Holdings and RCAP Equity; members of the Immediate Families of any excluded person and their legal representatives, heirs, successors, affiliates, or assigns; and any entity in which Defendants have or had a controlling interest.

4. For purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finds the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein, in that: (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law and fact common to the Settlement Class Members; (iii) the questions of law and fact common to Settlement Class Members predominate over any individual questions; (iv) the claims of Lead Plaintiffs are typical of the Settlement Class's claims; (v) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiffs Oklahoma Police Pension Fund and Retirement System and City of Providence, Rhode Island as Class Representatives for the Settlement Class, and finally appoints the law firms of Labaton Sucharow LLP and Scott+Scott, Attorneys at Law, LLP as Class Counsel for the Settlement Class.

6. **Notice.** The Court finds that the mailing of the Notice and Claim Form and publication of the Summary Notice: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

7. **Exclusions from the Settlement Class.** There are no valid exclusions from the Settlement Class.

8. **Objections.** There have been no objections to the Settlement.

9. **Final Settlement Approval and Dismissal of Claims.** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, and in light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court fully and finally approves the Settlement provided for in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Defendants; and the

dismissal with prejudice of claims against Defendants), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Lead Plaintiffs and the Settlement Class. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, the Settlement Class, and Defendants. The Settlement shall be consummated in accordance with the terms and conditions of the Stipulation.

10. The Corrected Amended Class Action Complaint for Violation of the Federal Securities Laws, filed on June 30, 2015, and all claims contained therein are hereby dismissed in their entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

11. **Releases.** The Releases, as set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, as of the Effective Date, Lead Plaintiffs and Settlement Class Members shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every one of the Released Plaintiffs' Claims against Defendants and the other Released Defendant Parties, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against Defendants or any of the other Released Defendant Parties.

(b) Without further action by anyone, and subject to paragraph 12 below, as of the Effective Date, Defendants and the other Released Defendant Parties shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived,

discharged and dismissed each and every one of the Released Defendants' Claims against Lead Plaintiffs, the other Settlement Class Members, and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against Lead Plaintiffs, the other Settlement Class Members, and the other Plaintiffs' Releasees.

12. Notwithstanding paragraph 11(a)-(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Binding Effect.** Each Settlement Class Member, whether or not the Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims provided for herein.

14. **Complete Bar Order.**

(a) Any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting or asserting any and all claims for contribution (or any other claim where the alleged injury to that Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action) arising out of, based upon, relating to, concerning, or in connection with the Released Plaintiffs' Claims against each and every one of the Defendants, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Action or a separate action, in the Court or in any other court, arbitration proceeding, administration, or other forum in the United States or elsewhere.

(b) Each and every Defendant is permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution (or any other claim where the alleged injury to that Defendant is that

7

Defendant's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action) arising out of, based upon, relating to, concerning, or in connection with the Released Plaintiffs' Claims against any and all Persons, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Action or a separate action, in the Court or in any other court, arbitration proceeding, administration, or other forum in the United States or elsewhere.

(c) Nothing in this Complete Bar Order shall bar any action to enforce the Settlement or alter the contractual rights of any Defendant. Neither the Complete Bar Order nor any other provision of the Stipulation, or the Settlement shall have any impact on (a) claims that Defendants, their subsidiaries or their affiliates, have filed in *In re RCS Capital Corp.*, Case No. 16-10223 (MFW) (Bankr. D. Del.), or (b) counterclaims or claims for set offs, contribution or indemnification by or among the named defendants in or arising out of *RCS Creditor Trust v. Schorsch, et al.*, Case No. 2017-0178 (Del. Ch.).

15. **Rule 11 Findings.** The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. **No Admissions.** This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce this Judgment and the Stipulation, and in particular:

(a) shall not be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties;

(b) shall not be offered against any of the Plaintiffs' Releasees, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(c) shall not be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(d) shall not be construed against Plaintiffs' Releasees as an admission, concession, or presumption that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and

(e) shall be communicated about by the Parties in good faith, and in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

17. **Termination.** If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection with this Judgment shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 40 of the Stipulation.

18. **Extensions of Time.** Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. **Separate Orders for Attorneys' Fees and Expenses and Plan of Allocation.** A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall also be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Those orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any claim to the Settlement Fund on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering

the Settlement and this Judgment; (f) the Class Members for all matters relating to the Action; and (vi) other matters related or ancillary to the foregoing.

21. **Administration of Settlement.** The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any Claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

22. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and the Clerk of the Court is directed to immediately enter it.

Dated: **SEP 28 2017**, 2017

_George B. Daniels_
Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE